IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLO L. CHAVEZ,

        Plaintiff,

v.                                          Civil No. 01-1096 JP/KBM

JERRY FOSTER, GUSTAVO MEDINA,
RICHARD ACOSTA, JOE R. WILLIAMS,
PATRICK W. SNEDEKER, BARRY HERTZOG
ERASMO BRAVO and WACKENHUT
CORRECTIONS CORPORATION,

        Defendants.

MEMORANDUM OPINION AND ORDER

On December 4, 2002, Defendants filed Defendants' Motion for Summary Judgment No. I-Failure to Exhaust Administrative Remedies Under Prison Litigation Reform Act and NMSA §33-2-11 (Doc. No. 54). Plaintiff, who is an inmate and is represented by counsel, asserts Eighth Amendment and negligence claims against Defendants, and a claim of statutory liability against Defendant Wackenhut Corrections Corporation ("Wackenhut") for injuries sustained as a result of an attack by another inmate. Having considered the parties' briefs (including Plaintiff's surreply) and the applicable law, the Court finds that Defendants' motion should be granted because of Plaintiff's failure to complete the administrative grievance process as required by the Prison Litigation Reform Act ("PLRA") and the Court's refusal to exercise supplemental jurisdiction over the Plaintiff's state claims.

I. Background

The material facts related to the issue forming the basis for this motion are undisputed. On or about October 6, 1999, an inmate attacked Plaintiff at the Lea County Correctional Facility

("LCCF") while Defendants Medina and Acosta, corrections officers, escorted Plaintiff in handcuffs from the shower area to his cell. Plaintiff alleges that as his attacker lunged toward him wielding a shank, Defendants Medina and Acosta ran away, leaving Plaintiff handcuffed and defenseless.  Defendant Foster, another corrections officer, allegedly saw the attacker approach the Plaintiff and stab him.  Defendant Foster also allegedly ran away from the Plaintiff and refused to aid him.  After the attack, Plaintiff was transported to a hospital where it was determined that he had sustained serious injuries, including injury to the sac surrounding his heart. Plaintiff was transferred out of LCCF after the attack and did not return to that facility.

On August 9, 2001, Plaintiff's counsel mailed to Wackenhut a letter through which Plaintiff sought to formally exhaust his administrative process for the underlying assault and battery. The letter also stated that "If we do not hear from you within a reasonable time, we will assume that no such remedies or procedures exist." Wackenhut never responded to the letter, and Plaintiff did not take the grievance procedure further.

II.  Summary Judgment Standard

Summary judgment is warranted "if the pleadings, depositions, answers to  interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a  judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477  U.S. 317, 322 (1986). The court considers the facts and all reasonable inferences drawn therefrom in a light most favorable to the nonmoving parties.  Hollander v. Sandoz Pharms. Corp., 289 F.3d 1193, 1214 (10th  Cir. 2002).  "In this respect, we must view the evidence in context, not simply in its segmented parts."  McCowan v. All Star Maint., Inc., 273 F.3d 917, 921 (10th Cir.2001).

III.  Discussion

The Defendants argue that summary judgment is appropriate in this case because the Plaintiff has not exhausted his administrative remedies with respect to both his federal and state claims.  Under 42 U.S.C. § 1997e(a) of the PLRA, a prison inmate is required to complete the prison administrative process before suing over prison conditions which allegedly violate his federal civil rights.[1]  In Booth v. Churner, 532 U.S. 731 (2001), the United States Supreme Court interpreted the PLRA as requiring prison inmates to complete this administrative process regardless of whether an inmate is suing for injunctive relief or money damages.  Id. at 734.  The exhaustion requirement is mandatory.  Id. at 741; Yousef v. Reno, 254 F.3d 1214, 1221 (10th Cir. 2001).  Further, the exhaustion requirement applies whether an inmate alleges excessive force or some other wrong.  Porter v. Nussle, 534 U.S. 516, 532 (2002) (exhaustion requirement applied to inmate's claims that he was beaten by corrections officers without justification).

Plaintiff does not argue either that he was not aware of the grievance procedure set in place at LCCF, or that the exhaustion requirement does not apply to his situation. The grievance procedure at issue requires an inmate to make an informal attempt to resolve the dispute.  If within five days the informal attempt to resolve the grievance has failed, an inmate has fifteen days from the date of the incident in which to file a formal written grievance.  The subsequent investigation must be completed by the Grievance Officer and delivered to the Warden within twenty calendar days from receipt of the inmate's grievance with a copy to the inmate.  An inmate

---

[1] Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

not satisfied with the Warden's decision "may appeal that decision to the Secretary or a designee for final review." The Grievance Officer and Warden's responses to an inmate's grievance must be in writing. Ex. 1A, Deft's Mem. in Supp. of Mot. for Sum.J. at 6-9.

    A.  Timeliness

Defendants argue that the August 9, 2001 letter was untimely because Plaintiff's counsel submitted it more than fifteen days after the incident. The Plaintiff contends, however, that his hospitalization and "unclear mental state" during the weeks following the stabbing prevented him from filing a written grievance within fifteen days of the incident at LCCF. Surreply at 6, n.2. The Court agrees that the LCCF administrative process can hardly be characterized as "available" to an individual who is clearly not in any shape either physically or mentally to start the grievance process, particularly when that process is triggered by relatively short time periods. On the other hand, Plaintiff gives no indication as to when he would have considered himself recuperated sufficiently to avail himself of the grievance process. In making a determination whether some type of equitable tolling should apply to this situation, it seems that a court would balance an inmate's ability to avail himself of the procedure with the strong penological interests in allowing correctional facilities to resolve these matters in a timely fashion. Assuming, without deciding, that equitable tolling is available to inmates under the PLRA, case law, including that of the Tenth Circuit Court of Appeals, provides no answer to the question of how to determine what the outer time limits are for submitting an otherwise untimely grievance under equitable tolling principles. Here, the Plaintiff waited nearly two years to submit his grievance. Even considering the Plaintiff's injuries, the Plaintiff's delay in submitting his grievance is arguably unreasonable and probably not subject to equitable tolling. Nonetheless, this particular issue need not be resolved in

order to dispose of this motion for summary judgment on exhaustion of administrative remedies grounds.

      B.  Exhaustion of Administrative Remedies

Plaintiff maintains that his August 9, 2001 letter satisfies the PLRA's exhaustion of administrative remedies requirement because neither the Grievance Officer nor the Warden ever wrote a report or issued a decision. Case law interpreting §1997e(a) has made it clear that an inmate must *complete* the administrative grievance process in order for it to be exhausted. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)("inmate who begins the grievance process but does not complete it is barred from pursuing a §1983 claim under PLRA for failure to exhaust his administrative remedies"); Hamby v. Jordan, 55 Fed. Appx. 887, 888, 2003 WL 294425 (10th Cir. Okla.); Booth, 532 U.S. at 734 (under 42 U.S.C. §1997e(a), an inmate seeking only money damages must *complete* any prison administrative process capable of addressing the inmate's complaint)(emphasis added).

Plaintiff, in this case, did not proceed past the initial level of the grievance procedure. Plaintiff's contention that an appeal was unavailable because neither the Grievance Officer nor the Warden responded to the August 9, 2001 letter cannot stand in the face of a specific provision in the LCCF grievance procedure which states that "[t]he expiration of a time limit at any stage of the proceeding entitles the grievant to proceed to the next level of appeal." Defts' Ex. 1A at 4. Thus, Plaintiff could have, and should have, appealed when the time period allotted for a response by either the Grievance Officer or the Warden had expired.[2]

---

    [2] Also, Plaintiff would know when the facility *had* responded because he would have received a copy of any decision, as the grievance procedure requires.

Plaintiff, however, argues that a reasonable prisoner could not possibly read that provision and understand that he was still required to file an appeal. That argument fails. Even if the Court found the language in the provision to be particularly esoteric – which it does not – the Court notes that Plaintiff was represented by counsel. Counsel should not have encountered any difficulty with the meaning of that provision, regardless of the number of similar lawsuits counsel may or may not have filed against Wackenhut in the past. Further, the Court cannot construe the language in the August 9, 2001 letter, "If we do not hear from you within a reasonable time, we will assume that no such remedies or procedures exist," as a basis for avoiding the rigid adherence required by recent Supreme Court opinions in Booth and Porter to PLRA's exhaustion mandate. See also Yousef, 254 F.3d at 1221("'we stress the point. . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.'")(citation omitted).

The Plaintiff also argues that Harris v. Ford, 32 F.Supp.2d 1109, 1110 (D. Alaska, 1999) stands for the proposition that whether a plaintiff has indeed satisfied §1997e(a) is a matter left to the court's discretion. The court in Harris noted that the language in the PLRA which refers to remedies that "are available" leaves "room for the courts to decide that the administrative remedies available to a prison litigant are not adequate and cannot, therefore, be exhausted." Id. As noted above, the administrative appeal process was available to Plaintiff even if he had not received a response to his initial grievance. Accordingly, the Plaintiff must exhaust the administrative appeal process.

In sum, Plaintiff's federal civil rights lawsuit is premature because he has not completed the administrative grievance process as required under §1997e(a) of the PLRA. Furthermore,

6

Plaintiff's transfer from LCCF, and the fact that he has not returned there since the incident, does not affect his ability to exhaust his administrative remedies. Although a transfer would abort any requests for injunctive relief, the Plaintiff is not seeking injunctive relief but instead is seeking money damages. See Allah v. Seiverling, 229 F.3d 220, 222 n.2 (3rd Cir. 2000)(transfer moots claims for declaratory and injunctive relief); Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999)(prisoner's transfer rendered request for injunctive relief moot); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). The Court does not find a legal basis for the proposition that Plaintiff's transfer out of LCCF eliminates the exhaustion requirement that he resort to and complete the LCCF grievance procedure prior to filing a lawsuit for his claim for money damages. Plaintiff's federal civil rights claims will be dismissed without prejudice for failure to exhaust administrative remedies.

    C. Plaintiff's State Claims

Since the Plaintiff's federal claims are subject to dismissal for failure to exhaust administrative remedies, only the state law claims brought on the basis of supplemental jurisdiction remain. When federal claims no longer support supplemental jurisdiction, the Tenth Circuit has recognized that, consistent with 28 U.S.C. §1367(c)(3), the ordinary response will be to dismiss the state claims without prejudice. See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). See also United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966)("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The Court declines to exercise jurisdiction over the state claims. The state claims will, therefore, be dismissed without prejudice.

IT IS ORDERED that:

1. Defendants' Motion for Summary Judgment No. I-Failure to Exhaust Administrative Remedies Under Prison Litigation Reform Act and NMSA §33-2-11 (Doc. No. 54) is granted, and

2. this action will be dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE